UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHAWANA CAMPBELL,

    Plaintiff,                                      CASE NO. 20-cv-285

v.

CARE MATTERS, LLC,

  and

JE'TUNNE TILLIS,

    Defendant.

## FIRST AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff Shawana Campbell by her attorneys, Larry A. Johnson, Summer H. Murshid, and Timothy P. Maynard of Hawks Quindel, S.C., Plaintiff was an hourly employee of Defendant Care Matters, LLC and Je'Tunne Tillis (collectively referred to hereinafter as "Care Matters") at times since November 15, 2016.

2. Care Matters had a common policy and practice of requiring Plaintiff to remain on the worksite during lunch breaks, but did not pay Plaintiff for this time, so as to deny such employee for compensation for all hours worked.

3. Additionally, Care Matters had a common policy and practice of paying Plaintiff only her regular wages for hours worked over forty in a workweek instead of overtime premium compensation. As a result, Care Matters has denied Plaintiff

Campbell of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as overtime pay and agreed-upon wages in violation of Wisconsin law.

4. Care Matters provides 24-hour in home care from a central office located in Milwaukee, Wisconsin.

5. Plaintiff Shawana Campbell brings this action for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

6. Plaintiff Shawana Campbell also brings this action for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

8. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant Care Matters has substantial and systematic contacts in this district.

## PARTIES

10. Defendant Care Matters, LLC is a Wisconsin Limited Liability Company with a principal place of business located at 810 West Capitol Drive, Suite 7 in Milwaukee, Wisconsin. Care Matters, LLC's registered agent for service of process in the State of Wisconsin is Je'Tunne Tillis at 810 West Capitol Drive, Suite 7 in Milwaukee, WI.

11. Defendant Je'Tunne Tillis ("Tillis") owns and operates Care Matters, LLC.

12. Defendant Tillis oversees the day-to-day operations of Care Matters, LLC and has operational control of the company. Defendant Tillis has control over all human resources and compensation aspects of Care Matters, LLC's operation. Defendant Tillis can hire, fire, and discipline Care Matters, LLC's employees, including Plaintiff. Defendant Tillis determined the rates and methods of compensation for Care Matters, LLC's employees, including Plaintiff.

13. Joinder of Defendants is proper pursuant to FED. R. CIV. P. 20(a)(2) because Plaintiff's rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

14. Defendants Care Matters, LLC and Je'Tunne Tillis will be collectively referred to hereinafter as "Care Matters."

15. Plaintiff Shawana Campbell ("Plaintiff Campbell") is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Campbell is a former employee of Care Matters who has worked as a Personal Caretaker since on or around September, 2018.

## GENERAL ALLEGATIONS

16. Plaintiff Campbell worked for Care Matters as an hourly employee of Care Matters between on or around September 2018 and September 2019.

17. Care Matters specializes in 24-hour home care out of its office located in Milwaukee, Wisconsin.

18. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell was paid on an hourly basis for her work for Care Matters.

19. While Plaintiff Campbell was employed by Care Matters, Care Matters and Plaintiff Campbell agreed to specific hourly rates which were to be paid to Plaintiff Campbell in exchange for her hours worked for Care Matters.

20. While Plaintiff Campbell was employed by Care Matters, Care Matters implemented a lunch deduction policy applicable to Plaintiff Campbell where Care Matters deducted a thirty-minute meal period each shift worked.

21. Plaintiff Campbell was not permitted to leave the worksite during the thirty-minute meal period.

22. While Plaintiff Campbell was employed by Care Matters, Care Matters suffered or permitted Plaintiff Campbell to regularly work more than forty hours during various workweeks.

23. Care Matters improperly denied Plaintiff Campbell of compensation at one and one-half times her regular rates for hours worked in excess of forty in many workweeks while employed by Care Matters.

24. While Plaintiff Campbell was employed by Care Matters, Care Matters' application of its meal period deduction policy resulted in Plaintiff Campbell being suffered or permitted to perform work for Care Matters without compensation at her agreed-upon hourly rates.

25. While Plaintiff Campbell was employed by Care Matters, Care Matters implemented a wage payment policy applicable to Plaintiff Campbell where she was paid only her regular hourly wage for hours worked in excess of forty hours in a workweek.

26. While Plaintiff Campbell was employed by Care Matters, Care Matters suffered or permitted Plaintiff Campbell to work more than forty hours during workweeks in which Care Matters failed to pay overtime premium compensation.

27. As a result of applying this wage payment policy while Plaintiff Campbell was employed by Care Matters, Care Matters improperly denied Plaintiff Campbell of compensation at one and one-half times her respective regular rates for all hours worked in excess of forty in workweeks.

28. Care Matters' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Campbell.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

29. Plaintiff Campbell reasserts and incorporates by reference all preceding paragraphs as if restated herein.

30. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

31. Since September 1, 2018, Care Matters has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

32. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell was an employee within the meaning of 29 U.S.C. § 203(e).

33. While Plaintiff Campbell was employed by Care Matters, Care Matters was an employer of Plaintiff Campbell as provided under 29 U.S.C. § 203(d).

34. While Plaintiff Campbell was employed by Care Matters, Care Matters violated the FLSA by failing to pay overtime compensation at one and one-half time the regular rate due to Plaintiff Campbell for each hour worked in excess of forty hours in any given workweek.

35. Plaintiff Campbell is entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Care Matters acted willfully

and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

36. Care Matters' failure to properly compensate Plaintiff Campbell and failure to properly record all compensable work time was willfully perpetrated and Plaintiff Campbell is therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

37. Alternatively, should the Court find that Care Matters did not act willfully in failing to pay minimum and overtime premium wages, Plaintiff Campbell is entitled to an award of pre-judgment interest at the applicable legal rate.

38. Pursuant to FLSA, 29 U.S.C. §216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Agreed-Upon Wages and Overtime

39. Plaintiff Campbell re-alleges and incorporates by reference all preceding paragraphs as restated herein.

40. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell was an employee within the meaning of Wis. Stat. §§ 109.01 *et seq*.

41. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell was an employee within the meaning of Wis. Stat. §§ 103.001 *et seq*.

42. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell was an employee within the meaning of Wis. Stat. §§ 104.01 *et seq*.

43. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell was an employee within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

44. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell was an employee within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

45. While Plaintiff Campbell was employed by Care Matters, Care Matters was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

46. While Plaintiff Campbell was employed by Care Matters, Care Matters was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

47. While Plaintiff Campbell was employed by Care Matters, Care Matters was an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

48. While Plaintiff Campbell was employed by Care Matters, Care Matters was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

49. While Plaintiff Campbell was employed by Care Matters, Care Matters was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

50. While Plaintiff Campbell was employed by Care Matters, Care Matters employed Plaintiff Campbell within the meaning of Wis. Stat. §§ 109.01 *et seq*.

51. While Plaintiff Campbell was employed by Care Matters, Care Matters employed Plaintiff Campbell within the meaning of Wis. Stat. §§ 103.001 *et seq*.

52. While Plaintiff Campbell was employed by Care Matters, Care Matters employed Plaintiff Campbell within the meaning of Wis. Stat. §§ 104.01 *et seq.*

53. While Plaintiff Campbell was employed by Care Matters, Care Matters employed Plaintiff Campbell within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

54. While Plaintiff Campbell was employed by Care Matters, Care Matters employed Plaintiff Campbell within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

55. While Plaintiff Campbell was employed by Care Matters, Plaintiff Campbell regularly performed activities that were an integral and indispensable part of the her principal activities without receiving compensation for these activities.

56. While Plaintiff Campbell was employed by Care Matters, Care Matters had, policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Campbell agreed-upon and overtime wages for all hours worked.

57. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

58. The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

59. As set forth above, Plaintiff Campbell sustained losses in her compensation as a proximate result of Care Matters' violations. Accordingly, Plaintiff Campbell seeks damages in the amount of her respective unpaid compensation, injunctive relief requiring Care Matters to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

60. Under Wis. Stat. §109.11, Plaintiff Campbell may be entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

61. Plaintiff Campbell seeks recovery of attorneys' fees and the costs of this action to be paid by Care Matters, pursuant to the Wisconsin law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Campbell hereby requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Care Matters' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

b) An Order finding that Care Matters violated the FLSA and Wisconsin wage and hour law;

c) An Order finding that these violations are willful;

d) Judgement against Care Matters in the amount equal to the Plaintiff's, the Collective Wage Class', and the Wisconsin Wage Class' unpaid wages at the applicable minimum wage, agreed-upon wage, overtime premium rates;

e) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

f) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

g) Such further relief as the Court deems just and equitable.

Dated this 21st day of February, 2020.

> Respectfully submitted,
>
> **HAWKS QUINDEL S.C.**
> Attorneys for Plaintiff
>
> By: *s/LARRY A. JOHNSON*
>
> Larry A. Johnson, SBN 1056619
> Summer H. Murshid, SBN 1075404
> Timothy P. Maynard, SBN 1080953
>
> Hawks Quindel, S.C.
> 222 East Erie Street, Suite 210
> PO Box 442
> Milwaukee, WI 53201-0442
> Telephone: 414-271-8650
> Fax: 414-271-8442
> Email: ljohnson@hq-law.com
> smurshid@hq-law.com
> tmaynard@hq-law.com