UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWANA CAMPBELL,

        Plaintiff,

                                Case No. 20-cv-285-pp

    v.

CARE MATTERS, LLC
and JE'TUNNE TILLIS,

        Defendants.

---

**ORDER GRANTING STIPULATED MOTION FOR COURT APPROVAL OF
SETTLEMENT (DKT. NO. 11), APPROVING SETTLEMENT AGREEMENT
(DKT. NO. 11-1), ORDERING THE DEFENDANTS TO MAKE THE AGREED-
UPON PAYMENTS AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

---

The parties filed a joint motion for court approval of the settlement

agreement, explaining why they believe the settlement agreement reflects a

reasonable compromise of the disputed issues. Dkt. No. 11. They ask that once

the court approves the settlement agreement, it dismiss the case with

prejudice. Id. at 1. They attached the settlement agreement, dkt. no. 11-1, and

a proposed order, dkt. no. 11-2.

The motion states that the settlement agreement "provides that upon the

Court's Approval, the Parties agree to the entry of an 'Order of Dismissal and

Entry of Mandatory Injunction' (the 'Mandatory Injunction Order') in the form

of Exhibit A to the Settlement Agreement." Dkt. No. 11 at 6. It says that this

"mandatory injunction order" requires the defendants to make the agreed-upon

payments within fourteen days of the court's order, permits the court to retain

1

jurisdiction for the purpose of enforcing the terms of the settlement agreement and the mandatory injunction order and specifies that all of the plaintiff's claims will be dismissed with prejudice. Id.

The court has reviewed the settlement agreement. While it finds the terms of that agreement fair and reasonable, it cannot find the section of the agreement that provides that the parties agree to the entry of an order of dismissal and entry of mandatory injunction. Paragraph 5 of the agreement states that the parties will file the stipulated motion seeking approval of the agreement by a date certain and that they will attach the agreement to that motion. Dkt. No 11-1 at ¶5. It also says, "attached as Exhibit A to this agreement is the proposed order that will be filed with the stipulation." Id. It does *not* say that the parties agree to entry of the attached order. It does not mention "mandatory injunction," nor does it mention dismissal with prejudice.

The court is not willing to issue an "injunction"—an equitable remedy which requires proof of irreparable harm and inadequacy of legal remedies, see, *e.g.*, Weinberger v. Romero-Barcelo, 456 U.S. 305, 311 (1982)—without a proper Rule 65 motion for such relief and proof of the elements required to justify such relief. The court suspects, however, that the parties were seeking to effectuate dismissal with prejudice while allowing the court to retain jurisdiction to enforce the agreement. The court believes it can effectuate that intent without issuing equitable relief the parties have not demonstrated is warranted.

2

The court will order the defendants to make the agreed-upon payments within fourteen days of this order. Instead of dismissing the case with prejudice, it will administratively close the case. The court will order that if the defendants comply with the court's order and make the payments within fourteen days, the plaintiff must notify the court in writing within five business days of the payments being made, at which point the court will enter an order dismissing with prejudice. If the defendants do not comply with the court's order, or if either party fails to comply with the terms of the settlement agreement, a party may file a motion to reopen the case.

The court **GRANTS** the parties' joint motion for approval of settlement. Dkt. No. 11. The court **APPROVES** the settlement, finding the terms to be fair and a reasonable compromise of the *bona fide* dispute between the parties.

The court **FINDS** that plaintiff's counsel's fees and costs are reasonable and fair. The court **AWARDS** Hawks Quindel, S.C. $4,685 in attorneys' fees and costs.

The court **ORDERS** that within fourteen (14) days of the date of this order, defendants Care Matters, LLC and Je'Tunne Tillis must deliver to plaintiff's counsel the following:

1. A check made payable to Shawana Campbell in the amount of $583.50 which shall be for the release of plaintiff's claim of unpaid wages and subject to regular payroll withholdings;

2. A check made payable to Shawana Campbell in the amount of $481.50 which shall be for the release of plaintiff's claim for liquidated damages and civil penalties which shall not be subject to payroll withholding; and

3

3.    A check made payable to Hawks Quindel, S.C. in the amount of $4,685.00 representing attorneys' fees, costs, and disbursements that may have been recoverable by plaintiff.

The court **ORDERS** that the defendants must deliver the above payments to plaintiff's counsel at the following address within fourteen days of this order:

> Larry A. Johnson
> Hawks Quindel, S.C.
> 222 East Erie Street, Suite 210
> Milwaukee, WI 53201

The court **ORDERS** that payment by either Care Matters, LLC or Je'Tunne Tillis of the above payments discharges the obligations of both defendants, and that both defendants' obligations will be discharges once the plaintiff's counsel receives payment in the total amount of $5,750.

The court **ORDERS** that if the defendants make the payments as mandated by this order, the plaintiff must notify the court of that fact in writing within five (5) business days of receiving the total payment. The court **ORDERS** that upon receipt of that notice, the court will enter an order dismissing this case with prejudice, without any further costs or attorneys' fees to either party.

The court **ORDERS** that this case is **CLOSED** for administrative purposes. Any party retains the right to move to reopen the case to enforce compliance with the terms of the agreement.

Dated in Milwaukee, Wisconsin this 6th day of November, 2020.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4